## BARTLETT v WHEELING & LAKE ERIE RY CO

Ohio Appeals, 6th Dist, Erie Co
No 332. Decided June 23, 1930

Krueger & Rosino, Sandusky, and Newcomb, Newcomb and Nord, Cleveland, for Bartlett.

Young & Young, Norwalk, for Railway Co.

## LLOYD, J.

The principles of law applicable to the issues here involved are too well settled to require comment. The only question is whether the facts thus narrated tend to prove that the alleged assault was committed by the conductor in the course of his employment.

**Nelson Business College vs. Lloyd, 60 Ohio St., 448.**

We think the evidence adduced is such as to require the submission to the jury of the issues involved and that therefore the court of common pleas erred in directing a verdict for the railway company.

In addition to the alleged assault, the plaintiff charged in his second amended petition that his

"injuries were also due to the carelessness and negligence of the defendant company in that the conductor which assaulted the plaintiff as above set forth had a violent, vicious and dangerous disposition and quarrelsome nature, all of which the defendant company knew, or in the exercise of ordinary care should have known, but still retained him in the service of the defendant, making it unsafe and hazardous for plaintiff in his work."

and sought at the trial to prove the facts so alleged. The record however, in our judgment, presents no evidence of actionable negligence in support of these latter allegations.

On August 10th, 1929, the plaintiff filed a petition in the court of common pleas of Huron County, wherein he seeks to recover $10,000.00 against the Village of Huron for personal injuries alleged to have been sustained by him by stepping into an open manhole on Homan Street in said Village. In this petition he alleges having received certain injuries of the same nature as alleged in his second amended petition in the instant case, which latter petition was filed by him on November 26, 1929. The petition first referred to was offered by the railway company and received in evidence as part of the cross examination of the plaintiff over the objection and exception of the plaintiff. This is only incidentally important on the assumption that this petition will again be offered upon the retrial of the instant case, and that objection will again be made thereto. In view of the fact that part of the injuries narrated therein are of the same character as those alleged in plaintiff's second amended petition in the instant case and are charged in each petition to have been caused by acts therein alleged, it was properly admitted in evidence.

For the reason aforesaid, the judgment of the court of common pleas is reversed and the cause remanded for a new trial.

Williams and Richards, JJ, concur.